IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| THE REAL PROPERTY LOCATED AT | ) | |
| 7411 SALIDA ROAD, MENTOR-ON-THE | ) | |
| -LAKE, LAKE COUNTY, OHIO; | ) | |
| PARCEL NUMBER: 19A-089-A-00-011-0, | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(a)(1)(A).

2. This Court has *in rem* jurisdiction over the defendant real property (hereinafter, "defendant property" or "defendant lakefront residence") under 28 U.S.C. § 1355(b). Further, in

this regard, the United States will post notice of this action and a copy of the Complaint in Forfeiture on the defendant property in accordance with 18 U.S.C. § 985(c)(1)(B).

3. Venue is proper in this district pursuant to: (i) 28 U.S.C. § 1355(b)(1) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. § 1395(b) because the defendant property is located in this district.

4. The defendant property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) in that it constitutes – or is derived from – proceeds traceable to violation(s) of 18 U.S.C. § 1084 (transmission of gambling information) and 18 U.S.C. § 1955 (illegal gambling businesses).

5. The defendant property also is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) in that it was involved in a transaction(s) in violation of 18 U.S.C. § 1957 (money laundering), or is property traceable to such property.

## DESCRIPTION OF THE DEFENDANT PROPERTY

6. The defendant property - including all fixtures, improvements, and appurtenances – is lakefront (Lake Erie) property, and is known and numbered as 7411 Salida Road, Mentor-On-The-Lake, Lake County, Ohio.

7. The legal description of the defendant property is as follows:

Situated in the City of Mentor-On-The-Lake, County of Lake and State of Ohio: and known as being Sublot No. 28 in Salida Allotment of part of Original Mentor Township Lots No. 3 and 4, Tract No. 16, as shown by the recorded plat in Volume B of Maps, page 3 of Lake County Records and being a parcel of land 78 feet front on the Northerly side of Salida Avenue and has a rear line of 76-1/4 feet, as appears by said plat, be the same more or less, but subject to all legal highways. Excepting therefrom any portion of the above described premises resulting in change of the shoreline of Lake Erie occasioned by other than natural causes or by natural causes other than accretion.

Permanent Parcel Number: 19A-089-A-00-011-0.

8. The nominal record owners of the defendant property are Joy A. Reider and Michael L. Reider. The owner in fact of the defendant property is Clinton Reider, the son of Joy A. Reider and Michael L. Reider.

9. The estimated value of the defendant property is $421,000.00

## ILLEGAL GAMBLING OPERATION

10. Since approximately 2010, Clinton Reider has been running a large scale gambling and bookmaking operation in violation of the law of the State of Ohio. The gambling and bookmaking operation used sports betting websites that operated outside of the United States. Federal agents – namely, Special Agents with the United States Secret Service (USSS) and the Internal Revenue Service, Criminal Investigation (IRS-CI) – first became aware of this activity in and after March, 2015.

11. The offshore websites provided Clinton Reider's "clients" in the Northeast Ohio area with access to betting on virtually any sporting event, and provided Reider with the infrastructure to take and track all bets of the bookmaking operation. Reider paid a fee to the website owners for each active "client" account.

12. The management companies for the websites were/are located in Costa Rica, Panama, and in the Caribbean country of Curacao. Intermediaries for the websites would collect payments – for the bookmaking operation's use of the websites - from Clinton Reider.

13. Clinton Reider sent money to the operators of the sports betting websites via Western Union transfers, by sending money orders through U.S. based mailing services, or cash deposits into a nominee account. Particularly, concerning the Western Union transfers, Reider –

on multiple occasions – made the payments himself or through a nominee. Reider instructed the nominee(s) to break up payments to just under $3,000.00 to avoid any reporting requirements.

14. As alleged above, the offshore websites provided Clinton Reider with the infrastructure to take and track all bets of the bookmaking operation. Reider documented the weekly collection and payment amounts from the websites into a notebook. The notebook documented not only the collection amounts and payment amounts for Reider's Northeast Ohio "clients", but also the collection/payment amounts of other bookmakers who utilized the same websites through Reider.

15. On multiple occasions, trash pulls were conducted at the defendant property. Weekly collection and payment notepapers – which had been torn apart by hand – were recovered and reconstructed.

16. On March 22, 2017, Special Agents with the USSS and IRS-CI executed search warrants at the defendant property and of Clinton Reider's vehicle, which was parked in the driveway at the defendant property.

17. During the search of Clinton Reider's vehicle, current weekly collection and payment records related to the illegal gambling operation were recovered. The gambling records documented activity "for a couple of weeks during 2017."

18. During the search of the defendant property, Clinton Reider's cell phone was recovered. A search of the cell phone revealed texts and other messages with "clients" relating to the gambling operation; e.g., discussions concerning the placing of bets and the collection on losing wagers.

19. In addition, the web browser history of Clinton Reider's cell phone was reviewed, which showed that he frequently visited the above-referenced offshore websites.

20. During the course of the investigation, numerous witnesses were interviewed. Each acknowledged using the offshore sports betting websites and being a "client" of Clinton Reider's bookmaking operation. The witnesses further acknowledged paying Reider a combined total of at least $500,000.00 by check or through PayPal as payment for amounts owed to the gambling operation.

21. In collecting payments for losing bets and paying off winning bets, Clinton Reider dealt with his "clients" primarily in cash but, as alleged above, often accepted payments using checks or PayPal.

22. Michael Reider, is the father of Clinton Reider. Michael Reider assisted Clinton Reider with picking up and dropping off payments related to the bookmaking operation. Additionally, Michael Reider made payment(s) to the sports betting website operator.

23. Clinton Reider also ran poker games out of various locations.

## FINANCIAL INFORMATION

24. Clinton Reider filed for Chapter 13 bankruptcy on July 28, 2009, and provided an amended summary of schedules on January 6, 2010, reporting $50.00 as his available cash on hand. In approximately March 2015, Reider received a discharge of unsecured claims in the amount of $124,324.09.

25. From 2012 through 2015, Clinton Reider had total combined "legitimate" income of approximately $270,000.00. During that same time period, his personal expenditures exceeded $1.45 million.

26. Clinton Reider purchased the defendant property in 2011. Reider used his parents - Joy Reider and Michael Reider - to obtain a mortgage loan, and purchased the property using his parents as nominee owners.

27. In 2011, Clinton Reider demolished the house then on the property and - between 2013 and 2016/2017 - constructed a much larger, custom residence (the "defendant lakefront residence") on the property.

28. As alleged above - in collecting payments for losing bets and paying off winning bets - Clinton Reider dealt with his "clients" primarily in cash. Although the amount of cash generated by Reider's gambling operation cannot be determined with any precision, records document that he "bought in" on table games at the Horseshoe Casino Cleveland in excess of $1.5 million in cash from 2012 through 2016.

29. Clinton Reider utilized his personal account and a "business" bank account to make large and frequent cash deposits and withdrawals. Between 2012 and 2016, cash deposits into these Reider-related bank accounts totaled $408,869.10.

30. Between 2012 and 2016, confirmed gambling-related check deposits into the Clinton Reider-related bank accounts totaled $266,826.00.

31. Between 2012 and 2016, confirmed gambling-related PayPal transfers into the Clinton Reider-related bank accounts totaled $153,793.49.

32. The sum total of cash deposits ($408,869.10), gambling-confirmed check deposits ($266,826.00) and gambling-confirmed PayPal transfers ($153,793.49) into the Clinton Reider-related bank accounts totaled $829,488.59.

33. Clinton Reider also concealed check and cash proceeds of the illegal gambling operation by commingling the funds into his parents' bank accounts. The funds deposited into

Joy Reider's and Michael Reider's bank accounts were used, *inter alia*, to make payments toward the mortgage on the defendant property and to pay expenses (approximately $80,526.20) toward the construction of the defendant lakefront residence.

34. From 2011 to 2016, a total of approximately $202,206.00 was paid toward the mortgage on the defendant property. Approximately $64,999.00 of this amount was paid from Clinton Reider-related bank accounts. Many of the remaining payments - that were made from Joy Reider's and Michael Reider's bank accounts - have corresponding deposits connected to Clinton Reider's illegal gambling activity. These corresponding deposits appear to be very similar to the amount of the mortgage due and correspond with the due date of the mortgage payment.

35. On or about January 16, 2018, a release/satisfaction of the mortgage on the defendant property was filed with the Lake County, Ohio, Recorder.

36. Since 2013, a total of approximately 28 contractors have been paid a total of $771,069.31 to complete work on the defendant lakefront residence. Of this total, $406,278.64 was paid in cash to the contractors by Clinton Reider. Checks drawn on the Clinton Reider-related bank accounts totaling $172,209.27 also were used to pay construction expenses.

37. Clinton Reider concealed the payment of an additional approximately $93,537.20 of the construction costs for the defendant lakefront residence by using the credit card of a co-conspirator of the illegal gambling operation/former professional baseball player.

**Transactions in Excess of $10,000.00 Conducted by Clinton Reider**

38. The following transactions in excess of $10,000.00 were paid to contractors using funds from the Clinton Reider-related bank accounts for the construction of the defendant lakefront residence:

a.) On or about June 7, 2014, Clinton Reider made payment toward the construction of the defendant lakefront residence to Integrity Construction in the amount of $16,500.00 with a check from his personal bank account. Integrity Construction did foundation/framing work at the defendant lakefront residence.

b.) On or about July 21, 2016, Clinton Reider made payment toward the construction of the defendant lakefront residence to Conor Services in the amount of $36,572.00 with a check from his personal bank account. Conor Services did interior finishing work at the defendant lakefront residence.

c.) On or about December 9, 2015, Clinton Reider made payment toward the construction of the defendant lakefront residence to Preferred Insulation in the amount of $19,245.00 with a check from his "business" bank account.

d.) On or about February 2, 2016, Clinton Reider made payment toward the construction of the defendant lakefront residence to Conor Services in the amount of $14,575.00 with a check from his "business" bank account.

## CONCLUSION

39. By reason of the foregoing, the defendant property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) in that it constitutes – or is derived from – proceeds traceable to violation(s) of 18 U.S.C. § 1084 (transmission of gambling information) and 18 U.S.C. § 1955 (illegal gambling businesses).

40. By reason of the foregoing, the defendant property also is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) in that it was involved in a transaction(s) in violation of 18 U.S.C. § 1957 (money laundering), or is property traceable to such property.

WHEREFORE, plaintiff, the United States of America, respectfully requests that this Court enter judgment condemning the defendant property and forfeiting it to the United States, and providing that the defendant property be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

                    Respectfully submitted,

                    Justin E. Herdman
                    U.S. Attorney, Northern District of Ohio

By: _____
                    James L. Morford (Ohio: 0005657)
                    Assistant United States Attorney, N.D. Ohio
                    Carl B. Stokes U.S. Court House
                    801 West Superior Avenue, Suite 400
                    Cleveland, Ohio 44113
                    216.622.3743 / Fax: 216.522.7499
                    James.Morford@usdoj.gov

# VERIFICATION

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this 22nd day of August, 2019.

_____
Notary Public

Anna J. Dudas
Notary Public, State of Ohio
My Commission Expires 12-5-2021